UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

KAYLA QUELLMALZ,

   Plaintiff,

-VS-                                  CASE NO.:

CAPITAL ACCOUNTS, LLC,      **JURY TRIAL DEMANDED**
EXPERIAN INFORMATION
SOLUTIONS, INC. and TRANS
UNION LLC,

   Defendants.
_____/

## COMPLAINT

Plaintiff, Kayla Quellmalz (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Capital Account, LLC (hereinafter "Capital"), Experian Information Solutions, Inc., (hereinafter "Experian") and Trans Union LLC (hereinafter "Trans Union") (hereinafter, collectively, "Defendants", and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### I.    PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian, and Trans Union (Collectively "Consumer Reporting Agencies" and/or "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## II.    JURISDICTION

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Compliant occurred in this District, and the Defendant transacts business within this District.

9. The Plaintiff is a natural person and resident of the state of Michigan, residing in Macomb County, Michigan.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Michigan through its registered agent The Corporation Company located at 40600 Ann Arbor Rd. E. Ste. 201, Plymouth, MI, 48170.

12. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 USC § 1681(f).

13. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Michigan through its registered agent The Prentice-Hall Corporation System, Inc. located at 2900 West Rd., Ste. 500, East Lansing, MI, 48823.

16. Upon information and belief, Trans Union is a "consumer reporting agency" as defined in 15 USC § 1681(f).

17. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. Capital is a corporation headquartered in the State of Tennessee, authorized to do business in the State of Michigan through its registered agent Incorp Services, Inc. located at 40600 Ann Arbor Road, Ste. 200, Plymouth, MI, 48170.

20. Upon information and belief, Capital is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

21. Upon information and belief, Capital is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

## III.  FACTS

22. Plaintiff is a natural person who, in March of 2021, came to believe she was a victim of identity theft.

23. When Plaintiff pulled her Experian and Trans Union credit reports she noticed a large number of accounts that did not belong to her.

24. Plaintiff also noticed names and phone numbers that did not belong to her.

25. Capital was reporting as one of the false accounts.

26. Plaintiff now realized that her Experian and Trans Union credit files had actually been mixed with another individual.

27. In or around March and April of 2021, Plaintiff called and sent online disputes to Experian regarding all of the inaccuracies.

28. After discovering all of this, in or around April of 2021, Plaintiff mailed a written dispute letter to Experian regarding all of the inaccuracies.

29. Upon information and belief, Experian notified Capital of Plaintiff's Dispute of the Account.

30. In or around May of 2021, Plaintiff received a response from Experian.

31. Experian did remove some of the inaccurate accounts, but left the inaccurate Capital account.

32. In or around March of 2021, Plaintiff called and sent online disputes to Trans Union regarding all of the inaccuracies.

33. Upon information and belief, Trans Union notified Capital of Plaintiff's Dispute of the Account.

34. In or around March of 2021, Plaintiff received a response from Trans Union.

35. Trans Union did remove some of the inaccurate accounts, but left the inaccurate Capital account.

36. Since that time, Trans Union has added a new false collection account for "Fox Collection Center".

37. Upon information and belief, Trans Union is still mixing Plaintiff's credit file with another individual.

38. Experian and Trans Union are disclosing the existence of this inaccurate account to Plaintiff's creditors and potential creditors.

39. Experian and Trans Union previously disclosed numerous false accounts to Plaintiff's creditors and potential creditors.

40. Experian and Trans Union have failed to report the proper information on Plaintiff's credit report despite having been given notice of its error.

41. Upon information and belief, Capital, to this date, has never informed Experian or Trans Union that Plaintiff is not the responsible party for the alleged debt.

42. As a results of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit;
   ii. Loss of time;
   iii. Loss of credit opportunities;
   iv. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

43. All conditions precedent to the filing of this action have occurred.

### IV. CAUSES OF ACTION

**COUNT I**
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

44. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) as if fully set out herein.

45. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

46. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damages by lost opportunities to apply for credit while her credit was being negatively affected; loss of time; monies lost by attempting to fix her credit; loss of credit opportunities; and mental and emotional pain stemming from anguish, humiliation, and loss of time.

47. Experian's conduct, action, an inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

48. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)

49. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

50. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

51. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damages by lost opportunities to apply for credit while her credit was being negatively affected; loss of time; monies lost by attempting to fix her credit; loss of credit opportunities; and mental and emotional pain stemming from anguish, humiliation, and loss of time.

52. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

53. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

### COUNT III
### (Violation of the FCRA - As to Defendant Trans Union LLC)

54. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) as if fully set out herein.

55. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

56. As a result of this conduct, action, and inaction of Trans Union, the Plaintiff suffered damages by lost opportunities to apply for credit while her credit was being negatively affected; loss of time; monies lost by attempting to fix her

credit; loss of credit opportunities; and mental and emotional pain stemming from anguish, humiliation, and loss of time.

57. Trans Union's conduct, action, an inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

58. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against Defendant, Trans Union LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FCRA - As to Defendant Trans Union LLC)

59. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

60. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies;

by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

62. As a result of this conduct, action, and inaction of Trans Union, the Plaintiff suffered damages by lost opportunities to apply for credit while her credit was being negatively affected; loss of time; monies lost by attempting to fix her credit; loss of credit opportunities; and mental and emotional pain stemming from anguish, humiliation, and loss of time.

62. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against Defendant, Trans Union LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder

from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT V
### (Violation of the FCRA – As to Defendant Capital Accounts, LLC)

64. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

65. Capital is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

66. Capital published false information about Plaintiff owing a debt, to Experian and Trans Union and through Experian and Trans Union to Plaintiff's potential lenders.

67. Capital violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Capital representations to the consumer reporting agencies.

68. Capital violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and Trans Union after Capital had been notified of the dispute and that the information was inaccurate.

69. Capital did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Capital knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Capital would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

70. As a result of Capital's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. Capital's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capital Accounts, LLC, for statutory

damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

                Respectfully submitted,

                ***/s/ Octavio "Tav" Gomez***
                Octavio "Tav" Gomez
                Morgan & Morgan, Tampa, P.A.
                201 North Franklin Street, Suite 700
                Tampa, Florida 33602
                Telephone: (813) 223-5505
                Facsimile: (813) 983-2889
                TGomez@ForThePeople.com
                JDerry@ForThePeople.com
                JKneeland@ForThePeople.com
                Attorney for Plaintiff